IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SUZANNE KANE and MICHAEL KANE, | |
| Plaintiffs, | Case No. <u>17-cv-02268-RDB</u> |
| vs. | **STIPULATED PROTECTIVE ORDER** |
| ZIMMER BIOMET, INC., f/k/a ZIMMER, INC.; ZIMMER BIOMET US, INC., f/k/a ZIMMER US, INC.; and ZIMMER BIOMET HOLDINGS, INC., f/k/a ZIMMER HOLDINGS, INC., | |
| Defendants. | |

  The parties have stipulated to the entry of this Protective Order in regard to certain discovery material to be made available by Defendants Zimmer, Inc., Zimmer US, Inc., and Zimmer Biomet Holdings, Inc. (collectively, "Zimmer") and Plaintiffs  Suzanne Kane and Michael Kane ("Plaintiffs").  This discovery material could include trade secrets and confidential, proprietary and non-public documents and information, the public disclosure of which could be detrimental to the interests of Zimmer and/or related corporate entities and/or documents which may contain information that is personal and confidential to third parties, including individuals.  This discovery material could also include Plaintiffs' medical and financial records.  The parties agree that the above-described documents and information, including electronically stored information, should be given the protection of an order of this Court to prevent irreparable harm through disclosure to persons other than those persons involved in the prosecution or defense of this litigation. Those persons involved in this litigation

include the parties, the attorneys for the parties, their staff, and the experts retained as consulting or testifying experts.

THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the following Protective Order ("Order") shall govern discovery in the above-captioned matter, as follows:

1.      The following definitions shall apply to this Order:

(a)      The term "document" means all written, recorded, electronically stored, or graphic material produced or created by a party or any other person, whether produced pursuant to the Federal Rules of Civil Procedure, subpoena, by agreement, or otherwise.

(b)      A "stamped confidential document" means any document, including any document produced electronically, which bears the legend (or which shall otherwise have had the legend recorded upon it or upon the medium in which it is produced, in a way that brings its attention to a reasonable examiner) "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" to signify that it contains information subject to protection under Federal Rule of Civil Procedure 26(c)(1)(G), or federal or state statute or regulation. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as stamped confidential documents, but, to the extent feasible, shall be

US.117000267.01
1540977.1

prepared in such a manner that stamped confidential documents are bound separately from those not entitled to protection.

(c)     The term "competitor" means any manufacturer or seller of medical devices, other than the named defendants, distributors of Zimmer products, or physicians implanting Zimmer products.

(d)     The term "customer" means any direct purchaser of products from any defendant, or any regular indirect purchaser of defendants. The term "customer" is not meant to include physicians, distributors, or sale representatives involved in the action before this Court.

2.     Stamped confidential documents and their contents, as well as copies, summaries, notes, memoranda and computer databases relating thereto, shall be and remain confidential. They shall not be disclosed in any fashion, nor be used for any purpose other than the analysis and preparation for discovery, motion practice, and/or the trial of this action, except with the prior written consent of the party or other person originally designating a document as a stamped confidential document, or as hereinafter provided under this Order.

3.     Notwithstanding paragraph 2, stamped confidential documents may be disclosed to the parties to this action; counsel of record for the parties to this action; the partners, associates, secretaries, paralegal assistants, and employees of counsel of record to the extent reasonably necessary to render professional services in the litigation; and to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court). Such documents may also be disclosed:

- 3 -

(a)     to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

(b)     to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; and to outside consultants or experts retained for the purpose of assisting counsel in the litigation, so long as such persons are neither Defendants' current competitors, current employees for Defendants' competitors, nor customers of Defendants. Each person to whom disclosure is made pursuant to this paragraph must sign a Confidentiality Agreement, the form of which is attached hereto as Exhibit A. That Agreement shall then be returned to counsel who shall retain any such Agreements during the pendency of the litigation.

(c)     If a party wishes to disclose stamped confidential documents to any person listed in subparagraph 3(a) or 3(b) who is a customer of the party that so designated the document, the party wishing to make disclosure shall give at least 15 days advance notice in writing to the counsel who designated such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the documents to be disclosed, and stating the purpose of such disclosure. If, within the 15-day period, a motion is filed objecting to the proposed disclosure, the disclosure shall not be made unless and until the Court has denied such motion.

4.     Each person executing the Confidentiality Agreement submits to the jurisdiction of this Court for the purposes of enforcement of this Order, either prior to or following the completion of this action. Jurisdiction of this action is to be retained by this Court

- 4 -

after final determination for purposes of enabling any party or persons affected by this Order to apply to the Court at any time for such direction or further decree as may be appropriate for the construction or enforcement of this Order or for such additional relief as may become appropriate.

5.      Nothing in this Order shall preclude the disclosure by a party of stamped confidential documents that it has produced.

6.      Nothing in this Order shall preclude the disclosure by any party of publicly available documents or information.

7.      Stamped confidential documents included as part of any pleading or memorandum shall be filed in accordance with the Local Rules, and any procedures and/or orders issued by the Court.

8.      Persons with knowledge, including persons affiliated with Defendants, physicians, distributors, and experts, may be deposed regarding stamped confidential documents or the subject matter thereof. Only the parties and persons described in paragraph 3, including the court reporter and the witness, shall be present at such depositions. Transcripts of said depositions shall be treated as stamped confidential documents in accordance with this Order.

9.      If, at the time of trial, counsel for any of the parties attempts to introduce into evidence or use in cross-examination any stamped confidential documents, whether as part of a document or deposition testimony, counsel for either party may request the Court to preserve the confidentiality of that stamped confidential document as the Court deems appropriate.

10.      In the event that another party disagrees with a party's designation of any document or information as confidential, the objecting party shall advise counsel for the designating party, in writing, of the objection and identify the document or item with sufficient

US.117000267.01
1540977.1

specificity to permit identification.  Within 10 days of receiving the objection, the designating

party shall advise the objecting party's counsel whether the designating party will change the

designation of the document or item.  If this cannot be resolved between the parties, then the

dispute will be presented to the Court by motion or otherwise.  During the pendency of any such

motion, the designated document or item shall continue to be treated as a stamped confidential

document and subject to the provisions of this Order.  On the hearing of any such motion, the

burden shall be on the designating party to establish that the designated document or item should

be deemed confidential.

        11.     If another court or an administrative agency subpoenas or orders

production of stamped confidential documents which a party has obtained under the terms of this

Order, such party shall promptly notify the party or other person who designated the document as

confidential of such subpoena, order or other legal process.

        12.     If a producing party inadvertently or unintentionally produces to a

receiving party any document or information without marking it as a stamped confidential

document pursuant to paragraph 1, the producing party shall, within 30 days of the discovery of

the inadvertent production, give notice to the receiving party in writing and thereafter the

receiving party shall treat the document as a stamped confidential document.  Such inadvertent

or unintentional disclosure shall not be deemed a waiver in whole or in part of the producing

party's claim of restriction either as to specific documents and information disclosed or on the

same or related subject matter.

        13.     If a producing party inadvertently or unintentionally produces to a

receiving party any document or information subject to a claim of privilege or immunity from

discovery (including but not limited to attorney-client privilege, work product immunity, and

- 6 -

immunities created by federal or state statute or regulation), the producing party shall, within 30 days of the discovery of the inadvertent production, give notice to the receiving party in writing of the producing party's claim of privilege or immunity from discovery.  Thereafter, the receiving party shall immediately return to the producing party the original and all copies of the restricted materials, including copies of the restricted materials disseminated to other persons by the receiving party.  The receiving party will be deemed to have notice that material is restricted if the party reasonably should recognize the material is privileged or protected from discovery, or upon written notice by the producing party.  Such inadvertent or unintentional disclosure shall not be deemed a waiver in whole or in part of the producing party's claim of privilege or immunity from discovery either as to specific documents and information disclosed or on the same or related subject matter.  In the event that the receiving party disagrees with the producing party's claim of privilege or immunity from discovery, then the receiving party shall notify the producing party within five (5) business days of receipt of the producing party's written notice of claim of privilege, and shall set forth the precise grounds upon which the receiving party's position rests.  If the parties cannot resolve the matter, then the dispute will be presented to the Court by motion or otherwise.  During the pendency of any such motion, the receiving party shall not copy, distribute, or otherwise use in any manner the disputed documents or information, and shall instruct all persons to whom the receiving party has disseminated a copy of the documents or information that the documents or information are subject to this Order and may not be copied, distributed, or otherwise used pending the motion and further notice from the Court.

14.     The provisions of this Order shall not terminate at the conclusion of this lawsuit. Within 90 days after final conclusion of all aspects of this litigation including appeals,

stamped confidential documents and all copies of same (other than exhibits of record) either shall be destroyed or returned to the producing party. In the event that stamped confidential documents are produced in electronic form, or are put into electronic form by the receiving party, then the receiving party shall delete all electronic copies of stamped confidential documents from all computer systems, disks, and other electronic medium and devices. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 120 days after final termination of this litigation.

15.     The attorneys of record are responsible for employing reasonable measures to control and record, consistent with this Order, duplication of, access to, and distribution of stamped confidential documents, including abstracts and summaries thereof. No duplications of stamped confidential documents shall be made except by counsel to provide working copies and for filing in Court under seal pursuant to paragraph 7.

16.     The Clerk may return to counsel or destroy any stamped confidential documents in its possession.

17.     It is expressly understood by and between the parties that in granting access to or producing stamped confidential documents in this litigation, the producing party shall be relying upon the terms and conditions of this Order.

US.117000267.01
1540977.1

For the Plaintiffs:


/s/George G. Tankard_____          Date: April 12, 2018_____
George G. Tankard
THE YOST LEGAL GROUP
341 North Calvert Street
Baltimore, Maryland 21202
Telephone: (800) 967-8529
Email: GTankard@yostlaw.com

Wendy R. Fleishman
Kelly K. McNabb
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500
Facsimile: (212) 955-9592
Email: wfleishman@lchb.com
Email: kmcnabb@lchb.com


For Zimmer, Inc., Zimmer US, Inc., and Zimmer Biomet Holdings, Inc.:


/s/Dino S. Sangiamo_____          Date: April 12, 2018_____
Dino S. Sangiamo
VENABLE LLP
750 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
Telephone: (410) 244 - 7400
Facsimile: (410) 244 – 7742
Email: Dssangiamo@Venable.com

Patrick H. Reilly
FAEGRE BAKER DANIELS LLP
300 N. Meridian Street, Suite 2700
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
Email: Patrick.Reilly@FaegreBD.com

Douglas L. Prochnow (*pro hac vice*)
Jori M. Loren
FAEGRE BAKER DANIELS LLP
311 S. Wacker Drive, Suite 4300
Chicago, Illinois 60654
Telephone: (312) 212-6500
Facsimile: (312) 212-6501
Email: Douglas.Prochnow@FaegreBD.com
Email: Jori.Loren@FaegreBD.com

APPROVED this _____ day of _____, 2018.

_____
Honorable Judge Richard D. Bennett
U.S. District Court for the District of Maryland

- 10 -

US.117000267.01
1540977.1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SUZANNE KANE and MICHAEL KANE, | |
| Plaintiffs, | Case No. <u>17-cv-02268-RDB</u> |
| vs. | |
| ZIMMER BIOMET, INC., f/k/a ZIMMER, INC.; ZIMMER BIOMET US, INC., f/k/a ZIMMER US, INC.; and ZIMMER BIOMET HOLDINGS, INC., f/k/a ZIMMER HOLDINGS, INC., | |
| Defendants. | |

## <u>CONFIDENTIALITY AGREEMENT</u>

1.        I acknowledge that I am about to receive confidential information supplied by

_____.

2.        I have read the Protective Order governing the restricted use of confidential

information in this litigation, a copy of which order has been provided to me.  I understand the

Protective Order and agree to abide by it.

3.        I will not utilize any stamped confidential document or other information subject

to the Protective Order for any purpose other than this litigation.  I further affirm that I will not

reveal the confidential information to, nor discuss it with, anyone, except in accordance with the

terms of the Protective Order.

4.        I understand unauthorized disclosures of stamped confidential documents or their

substance constitute contempt of court.

5.        At the termination of this litigation, I will return all documents marked

"CONFIDENTIAL," or "CONFIDENTIAL –SUBJECT TO PROTECTIVE ORDER," as well as

any copies, summaries or abstracts of them, and documents related to them, whether in hard copy, electronic, or digitized format, to the attorney providing confidential materials to me.

      6.      I submit to the jurisdiction of the United States District Court for the District of Maryland as necessary to enforce the provisions of this Protective Order.

Dated:_____

_____

Signature

_____

Printed Name

_____

Address

_____

City, State, Zip

_____

Telephone Number

US.117000267.01
1540977.1

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2018, the undersigned electronically filed the

STIPULATED PROTECTIVE ORDER, with the Clerk of Court using the CM/ECF system

which will send notification of such filing to all counsel of record.

*/s/Kelly K. McNabb*

Kelly K. McNabb

-13-

US.117000267.01
1540977.1